**SO ORDERED.**
**SIGNED 24th day of April, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



Nancy B. King
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CASE NO. 2:26-bk-00774** |
| **JOEL AARON SUTTON, and** | ) | |
| **TERRY MELISSA SUTTON,** | ) | **JUDGE NANCY B. KING** |
| | ) | |
| **Debtors.** | ) | **CHAPTER 7** |
| | ) | |

## ORDER DENYING STAY PENDING APPEAL

On April 21, 2026, the Debtors filed an Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007. [Docket No. 61]. Specifically, the Debtors seek a stay of this Court's Order granting relief from the automatic stay to PennyMac Loan Services, LLC ("PennyMac"), [Docket No. 66], pending their appeal to the Sixth Circuit Bankruptcy Appellate Panel.

In deciding whether to grant a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1), courts ordinarily consider the same factors as when ruling on a motion for preliminary injunction:[1]

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

---

[1] In *Sutton v. PennyMac Loan Services, LLC* (*In re Sutton*), Adv. No. 2:26-ap-90041, the Court already denied the Debtors' Amended Motion for Preliminary Injunction which was based on the same challenges to the validity of a pre-petition foreclosure sale [Adv. Docket No. 9].

(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted); *see also Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

In determining whether to grant a stay pending appeal, the Sixth Circuit Court of Appeals applies a stricter standard when analyzing the first factor. *See Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261-62 (6th Cir. 1977) (upholding the denial of a stay in part because the likelihood of success on the merits was "remote"); *In re Thomas*, 565 B.R. 856, 865 (Bankr. W.D. Tenn. 2017) (same). Therefore, the mere "possibility" of success on the merits is not enough to justify a stay under Federal Rule of Bankruptcy Procedure 8007. *Mason Cty. Med. Ass'n* at 261, n.4. Instead, there must be "a strong or substantial *likelihood* or *probability* of success on the merits." *Id.* For purposes of the first factor, the Debtors needed to show that this Court abused its discretion by granting PennyMac's Motion for Relief from the Automatic Stay. The Debtors have failed to meet this standard for all the reasons explained by the Court when granting PennyMac's Motion. *See e.g., In re Merit St. Media, Inc.,* No. 25-80156-swe-11, 2025 WL 3237432, at *11, n.9 (Bankr. N.D. Tex. Nov. 18, 2025) ("Likelihood of success on the merits should be determined on the facts presented at trial.").

**IT IS, THEREFORE, ORDERED** that the Debtors' Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 is **DENIED**.

**IT IS SO ORDERED.**

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.**

---

2